FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 22 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Robert Mitchell (WSBN 37444)
Attorney at Law, PLLC
901 N. Monroe Street, Ste 356
Spokane, WA 99201
Telephone: 509-327-2224
Facsimile: 509-327-3374
Email: bobmitchelllaw@yahoo.com

Attorney for Plaintiffs, DENNIS STOVER, et al.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

DENNIS STOVER, and JANE DOE STOVER, and the marital community comprised thereof,

Plaintiff,

v.

BISHOP, WHITE, MARSHALL & WEIBEL, P.S., a Washington Debt Collection Law Firm d/b/a BISHOP, WHITE & MARSHALL, P.S., and PETER OSTERMAN, a Washington State Debt Collection Attorney, and HOUSEHOLD FINANCE CORPORATION III, an Illinois Corporation,

Defendants.

NO. **CV-11-110-WFN**

**PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT, *INTER ALIA***

COME NOW, Plaintiffs, DENNIS STOVER and JANE DOE STOVER, by and through their counsel, ROBERT MITCHELL, and complain against the Defendants as follows:

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA 99201
(509) 327-2224      Fax (509) 327-3374

# I.    **STATEMENT OF THE CASE**

This is an action for injunctive relief to prevent further harm to Plaintiffs and to prevent future harm to other Washington consumers and debtors.

# II.    **PARTIES**

2.1    Plaintiffs, DENNIS STOVER and JANE DOE STOVER, are residents of Spokane County, Washington.

2.2    Plaintiffs obtained and used credit from Household Finance Corporation III, primarily for personal, family, and household purposes.

2.3    Plaintiffs are therefore "debtor[s]" as defined by the Fair Debt Collection Practices Act (FDCPA), and the Collection Agency Act (CAA), and "consumer[s]" as defined by the Consumer Protection Act (CPA), and Plaintiffs acted as "debtor[s]" and "consumer[s]" at all times relevant to this litigation.

2.4    Defendant, BISHOP, WHITE, MARSHALL & WEIBEL, P.S., a/k/a BISHOP, WHITE & MARSHALL, P.S., (hereinafter "Defendant" or "BWM") is a debt collection law firm which regularly collects debts owed to others, and which conducts business in this state pursuant to UBI NO. 600629409.

2.5    Defendant is therefore a "debt collector" as defined by the FDCPA, a "collection agency" as defined by the CAA, a "business" as defined by the CPA, and Defendant acted as such at all times relevant to this complaint.

2.6    Defendant, PETER OSTERMAN, is a debt collection attorney who works for Bishop, White, Marshall & Weibel, P.S.

2.7    Defendant OSTERMAN practices law in Washington State pursuant to WSBA No. 27803.

2.8    Defendant OSTERMAN regularly collects debts owed to others.

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224        Fax (509) 327-3374

2.9    Defendant OSTERMAN is therefore a "debt collector" as defined by the FDCPA, a "collection agency" as defined by the CAA, a "business" as defined by the CPA, and Defendant acted as such at all times relevant to this complaint.

2.10    Defendant, HOUSEHOLD FINANCE CORPORATION III, is a Delaware Corporation, with its principal place of business in Illinois, and which conducts business in Washington State under UBI NO. 600584035.

2.11    Defendant, HOUSEHOLD FINANCE CORPORATION III, is a finance company, a "business" as defined by the CPA, and Defendant acted as such at all times relevant to this complaint.

2.12    Defendant, HOUSEHOLD FINANCE CORPORATION III, is NOT a "National Bank" and is therefore subject to the laws of the state of Washington.

2.13    All Defendants made attempts to collect the debt at the heart of this litigation.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in the United States District Court, Eastern District of Washington, are appropriate where this dispute involves predominant issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiffs occurred in this district, and where Plaintiffs are residents of this district, and where the Defendants conduct substantial business in this district.  (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

3.2    Defendants are liable unto Plaintiffs pursuant to the provisions of the Fair Debt Collection Practice Act, 15 U.S.C. §1692, et. seq., as well as other

PLAINTIFFS' COMPLAINT                    3                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224    Fax (509) 327-3374

applicable federal and state laws. Defendants are also liable unto Plaintiffs pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. <u>1367</u>, et seq.

## IV.    FACTS

4.1    Plaintiffs incurred a debt to Defendant, Household Finance Corporation III, primarily for personal, household, and family purposes.

4.2    Plaintiffs are therefore consumers and debtors.

4.3    Plaintiffs defaulted on the Household Finance account.

4.4    Household Finance therefore assigned the defaulted account to Defendant, BWM for collections.

4.5    Defendants, BWM and OSTERMAN filed a lawsuit in Spokane County Superior Court in attempt to collect the defaulted account.

4.6    The lawsuit is entitled "Household Finance Corporation III vs. Dennis Stover...."

4.7    The Spokane County Superior Court Cause Number is 10205225-3.

4.8    Defendants filed for Summary Judgment on or about January 21, 2011.

4.9    Defendants' attached two conflicting affidavits to the Motion for Summary Judgment.

4.10    The first affidavit, signed by Dinita Brazell under penalty of perjury, states in pertinent part: "3) **That the original contract in this matter has been destroyed or lost.**

4.11    The second affidavit, signed by Patrick Cox under penalty of perjury states: "**Attached hereto is a copy of a Personal Credit Line Agreement....**"

PLAINTIFFS' COMPLAINT                     4

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

4.12   Not only was no Personal Credit Line Agreement attached to Defendants' motion, but Defendants actually provided an affidavit stating that the agreement was lost or destroyed.

4.13   The "lost or destroyed" affidavit was signed on January 21, 2009.

4.14   The "copy attached" affidavit was signed on February 17, 2009.

4.15   Therefore, the affiant claiming to have the agreement and personal knowledge thereof, actually did so almost an entire month after the other affiant swore that the document was either lost or destroyed.

4.16   The "copy attached" affidavit is important because it leads the Court to believe that the affiant has personal knowledge of the terms of the account by virtue of reviewing the agreement.

4.17   The affiant states: "Attached hereto is a copy of a Personal Credit Line Agreement under which the defendant(s), DENNIS STOVER and DOE I became obligated on November 30, 1998, together with copies of other pertinent documents.

4.18   Only then does the affiant set forth the terms of the agreement, the balance, the principal, the default information, etc.

4.19   Defendants intentionally structured the affidavit in such a manner as to manipulate the Court into believing that the affiant has more information and knowledge about the account than the affiant actually has.

4.20   The affidavit states in pertinent part:

I, PATRICK COX, being first duly sworn, on oath deposes and says: I am the Recovery Specialist for HOUSEHOLD FINANCE COROPRATION III, a corporation. I make this affidavit on the basis of my personal knowledge and a review of the computer records

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224    Fax (509) 327-3374

maintained by HOUSEHOLD FINANCE CORPORATION III with respect to the account at issue. All such records are maintained in the regular course of business, at or near the time of the events recorded. I am a custodian of those records and can testify as to their authenticity. HOUSEHOLD FINANCE CORPORATION III is a licensee under the Consumer Loan Act, RC 31.04. Affiant is informed and believes, and therefore alleges, that at the time of service and filing of the Summons and Complaint herein, and at all times since, said Defendant(s) is/are not a person in the military service of the United States, as defined in the Soldiers' and Sailors' Civil Relief Act. Affiant further states that the defendants are not infants nor incompetent persons. **Attached hereto is a copy of a Personal Credit Line Agreement under which the defendant(s), DENNIS STOVER and DOE I became obligated on November 30, 1998, together with copies of other pertinent documents. Under the terms of the Personal Credit Line Agreement defendants, DENNIS STOVER and DOE I, was/were to pay the sum of $6,012.83 plus interest at the rate of 12% per annum in monthly installments.** Also attached is a transaction history showing charges and payments to the account. No payments have been made since August 26, 2008 and defendant(s) is/are now in default under the terms of the Personal Credit Line Agreement. As of January 02, 2009, the principal balance due and owing on the account is $6,012.83, plus interest totaling $261.81. Interest continues to accrue thereafter at $1.98 per diem.

4.21   Despite the fact that the Patrick Cox affidavit was signed under penalty of perjury, much of the information contained therein is an obvious fabrication.

4.22   Plaintiffs believe and therefore aver that both affiants, Patrick Cox and Dinita Brazell, are "robo-signers."

4.23   Plaintiffs believe and therefore aver that both affidavits are form affidavits. (*See terms like: "Defendant(s) is/are" and "defendant(s) was/were"*).

PLAINTIFFS' COMPLAINT                 6          Robert Mitchell, Attorney at Law
                                                 901 N. Monroe, Suite 356
                                                 Spokane, WA  99201
                                                 (509) 327-2224    Fax (509) 327-3374

4.24   Plaintiffs believe and therefore aver that Patrick Cox did not review any written or electronic account information prior to signing his affidavit.

4.25   Plaintiffs believe and therefore aver that all documents attached to the Patrick Cox affidavit were attached by someone other than Patrick Cox.

4.26   Plaintiffs believe and therefore aver that all documents attached to the Patrick Cox affidavit were attached after Patrick Cox signed the affidavit.

4.27   Plaintiffs believe and therefore aver that Dinita Brazell signed her affidavit without reviewing any written or electronic account information.

4.28   Plaintiffs believe and therefore aver that any and all information contained in or attached to the Dinita Brazell affidavit was input by someone other than Dinita Brazell.

4.29   Plaintiffs believe and therefore aver that Defendants mass produce similar documents and affidavits to mass litigate these types of cases.

4.30   Defendants use very little quality control.

4.31   Any mistakes occurring in the process are due to the fact that Defendants mass produce these documents and lawsuits, and have nothing to do with a bona fide error or reasonable mistake.

4.32   As evidenced by the fact that the pleadings contain obvious conflicting information, Defendants, BWM and OSTERMAN, failed to conduct a reasonable investigation into the facts of this matter prior to filing pleadings with the Court.

4.33   Defendants, BWM and OSTERMAN, either intentionally or unwittingly as agents for Household Finance, filed contradictory documents with the Court, which were designed to mislead the Court.

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

4.34   Defendants' pleadings and attachments thereto completely misrepresent the character and status of the debt.

4.35   Defendants' pleadings and attachments thereto contain intentionally deceptive and misleading facts in attempt to mislead and deceive the Court.

4.36   Plaintiffs believe and therefore aver that Defendants' collection violations will continue if this Court does not issue injunctive relief to protect Plaintiffs and other Washington consumers.

4.37   Plaintiffs were injured by Defendants' collection actions where Plaintiffs have been forced to pay an attorney to defend Defendants' frivolous Motion for Summary Judgment.

4.38   Plaintiffs also suffered frustration and anxiety as a result of Defendants' frivolous collection actions.

## V.   FAIR DEBT COLLECTION PRACTICES ACT VIOLATION
### (Application of the Statute)

5.1   Plaintiffs re-allege paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2   Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3).

5.3   Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

PLAINTIFFS' COMPLAINT                    8                Robert Mitchell, Attorney at Law
                                                          901 N. Monroe, Suite 356
                                                          Spokane, WA  99201
                                                          (509) 327-2224    Fax (509) 327-3374

5.4   Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

5.5   Defendant, BWM is, without a doubt, a "debt collector" as defined by the FDCPA.

5.6   The FDCPA also applies to attorneys who "regularly" attempt to collect third party debts.   (Jenkins v. Heintz, 124 F.3d 824, 514 U.S. 291 (1995)(see also Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994)).

5.7   An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actual represent.   (See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997); holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice.  He was regularly collecting consumer debts because that volume was great enough to meet the threshold.).

5.8   Defendant, attorney Peter Osterman, is a "debt collector" or "collection attorney" by virtue of the volume of collection cases he files.

5.9   Therefore, the FDCPA applies in this case because the Plaintiffs are "debtors," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendants, BW and OSTERMAN are "debt collectors" which attempted to collect a debt owed to a third party.

PLAINTIFFS' COMPLAINT                      9                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

## VI.   FIRST CAUSE OF ACTION

Fair Debt Collection Practices Act Violation
(False, Deceptive, or Misleading Representations)

*As to Defendants BWM and OSTERMAN only*

6.1    Plaintiffs re-allege paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    The Fair Debt Collection Practices Act (FDCPA) states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.

6.3    The act further states that the following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt…." 15 U.S.C. §1692e(2).

6.4    The act further states that the following conduct is a violation of section 1692e: "The threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. §1692e(5).

6.5    The act further states that the following conduct is a violation of section 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

6.6    The FDCPA further states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

6.7    In this case, Defendants filed a Motion for Summary Judgment.

PLAINTIFFS' COMPLAINT                    10                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

6.8    Plaintiffs, as the least sophisticated debtors, understood this motion to mean that Defendants intended to obtain a judgment to lien, levy, and garnish Plaintiffs' income and assets.

6.9    Plaintiffs therefore paid an attorney to defend the motion.

6.10    However, Defendants did not have the present legal or contractual right to obtain a Summary Judgment against Plaintiffs because Defendants' motion was based on untruths, half truths, and misstatements of fact contained in two conflicting affidavits.

6.11    To be certain, without providing affidavits supporting the debt, Defendants stood absolutely no chance whatsoever of obtaining a summary judgment on this debt from Spokane County Superior Court Judge Maryann Moreno.

6.12    Therefore, Defendants, as they do in thousands of cases, dummied up some affidavits from individuals professing to be records custodians with personal knowledge of the account.

6.13    To Defendants' surprise, they dummied up too many affidavits and the information contained in one affidavit completely contradicted the information contained in another affidavit.

6.14    In fact, one affidavit states that the credit agreement was lost or destroyed, while the following month another affiant professes to have the agreement and personal knowledge thereof.

6.15    Moreover, Plaintiffs intend to demonstrate that neither affiant had any personal knowledge of the account prior to signing the affidavits.

6.16    In fact, Plaintiffs expect to prove that Defendants' affiants are robo-

PLAINTIFFS' COMPLAINT                         11                    Robert Mitchell, Attorney at Law
                                                                   901 N. Monroe, Suite 356
                                                                   Spokane, WA  99201
                                                                   (509) 327-2224    Fax (509) 327-3374

signers who are presented with only an affidavit and instructed to sign the affidavits professing to have personal knowledge of the entire account, despite not having or reviewing any information about the account before the affidavits are signed.

6.17   Plaintiffs expect to prove that the supporting documents are attached to the affidavit by someone other than the affiant after the affidavit is signed.

6.18   Therefore, in this case, Defendants attached sworn affidavits to their motion for summary judgment which obviously misrepresented the debt and attempted to deceive the State Superior Court into believing that Defendants could prove the debt.

6.19   Defendants therefore violated the statute by falsely representing the character and legal status of the debt.

6.20   Defendants therefore violated the statute by threatening to take legal action which could not legally be taken.

6.21   Defendants therefore violated the statute by the use of false representations and deceptive means to attempt to collect the debt.

6.22   Defendants therefore violated the statute by the use of unfair or unconscionable means to collect or attempt to collect the debt.

6.23   Plaintiffs were injured by Defendants' actions.

6.24   Defendants' actions were a direct and proximate cause of Plaintiffs' injuries and damages.

6.25   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.26   Defendants' actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

PLAINTIFFS' COMPLAINT                    12

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

## VII.  SECOND CAUSE OF ACTION

### (State Collection Agency Act Violation)

*As to Defendants BWM and OSTERMAN only*

7.1     Plaintiffs re-allege paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2     The Washington Collection Agency Act states that it is an unfair practice to: "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made."  RCW 19.16.250(15).

7.3     In this case, Defendants filed a Motion for Summary Judgment, which was entirely based on hearsay evidence, which as it turned out was fraudulent and perjured.

7.4     To be certain, without a valid affidavit supporting the documents submitted with Defendants' Motion for Summary Judgment, there is no possible way that Spokane County Superior Court Judge, Maryann Moreno, would have ever issued a Summary Judgment in favor of Defendants.

7.5     Therefore, Defendants submitted conflicting affidavits containing obvious perjured testimony in attempt to collect the debt.

7.6     Defendants therefore violated the statute by threatening Plaintiffs with a Summary Judgment when Defendants had absolutely no legal right to judgment based on the information contained in Defendants' motion, which was only supported by perjured hearsay affidavits.

7.7     Plaintiffs were injured by Defendants' actions.

7.8     Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

PLAINTIFFS' COMPLAINT                    13

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224    Fax (509) 327-3374

7.9    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.10    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VIII.  **THIRD CAUSE OF ACTION**

### (*Per Se* Consumer Protection Act Violation)

### *As to Defendants BWM and OSTERMAN only*

8.1    Plaintiffs re-allege paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

8.3    The Washington CPA applies to the actions at issue herein because the Plaintiffs are "consumers" and the Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiffs were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

8.4    Additionally, the Washington Collection Agency Act prohibits threatening a debtor with any action the collector either cannot take, or does not intend to take at the time the threat is made.  RCW 19.16.250(15).

8.5    The Collection Agency Act states that such collection violations are *per se* violations of the Consumer Protection Act.  RCW 19.16.440.

8.6    In this case, Defendants violated the above-cited sections of the Collection Agency Act.

PLAINTIFFS' COMPLAINT                   14

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

8.7    Therefore, Defendants' actions represent *per se* violations of the Washington State Consumer Protection Act.

8.8    Plaintiffs were injured by Defendants' actions.

8.9    Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

8.10    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.11    Defendants' actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## IX.    FOURTH CAUSE OF ACTION

### (Consumer Protection Act Violation)

*As to ALL Defendants*

9.1    Plaintiffs re-allege paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

9.3    The Washington CPA applies to the actions at issue herein because the Plaintiffs are "consumers" and the Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiffs were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

9.4    To determine what constitutes an "unfair" or "deceptive" act or practice under Washington's CPA, Washington courts look to the various federal

PLAINTIFFS' COMPLAINT                    15                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224        Fax (509) 327-3374

statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

> …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

Lightfoot at 335.

9.5    One such federal statute which Washington courts look to in determining if a particular act is "unfair" or "deceptive" under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. §45(a)(1).

9.6    The Fair Debt Collection Practices Act, which proscribes specific unfair and deceptive acts when collecting debts is another statute that courts have examined to determine if a specific act is unfair or deceptive in violation of the state Consumer Protection Act.  15 U.S.C. §1692 et seq.

9.7    In addition to examining federal statutes to determine if a specific act is unfair or deceptive in violation of the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

9.8    In Testo, the court stated:

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

The courts of this state are specifically directed to "be guided
by" federal court interpretations of those various federal statutes
after which our Consumer Protection Act is patterned.

<u>Testo</u> at 350.

9.9     Based on the above federal and state statutes and case law, this
Court should use the FDCPA standards of unfair and deceptive practices to
determine if the Defendants violated Washington's CPA in the case at hand.

9.10    Under the FDCPA, it is an unfair and/or deceptive act/practice to
1) Use false, deceptive, or misleading representations or means in connection
with the collection of any debt; 2) Falsely represent the character, amount, or
legal status of a debt; 3) Threaten to take any action that cannot legally be taken;
4) Use any false representation or deceptive means to collect or attempt to collect
any debt; 5) Use unfair or unconscionable means to collect or attempt to collect
any debt.

9.11    In this case, Defendants filed a Motion for Summary Judgment, and
threatened to obtain a judgment against Plaintiffs, by using fraudulent and
perjured information.  Defendants submitted two conflicting affidavits with the
motion, both of which are form affidavits signed by robo-signers without any
personal knowledge of the account.  Not only were Defendants' actions a fraud
upon Plaintiffs, but Defendants attempted to commit a fraud upon the Court by
submitting obviously false pleadings, which Defendants either knew or should
have known to be false upon conducting a reasonable inquiry into the facts of the
case.

9.12    Defendant, Household Finance, regularly engages robo-signers to
sign form affidavits.

PLAINTIFFS' COMPLAINT                    17              Robert Mitchell, Attorney at Law
                                                        901 N. Monroe, Suite 356
                                                        Spokane, WA  99201
                                                        (509) 327-2224    Fax (509) 327-3374

9.13    Defendants, Bishop, White & Marshall, and attorney Osterman, are aware of the form affidavits and robo-signers and regularly use the form affidavits to collect debts anyway.

9.14    The discrepancies in this case have nothing to do with reasonable errors or omissions.  The discrepancies have everything to do with Defendants' mass production approach to debt collection lawsuits.  This approach involves filing thousands of collection lawsuits in Washington State each year and using form affidavits and robo-signers designed to move the debt collection lawsuit machine along.

9.15    Many other consumers will be adversely affected if this Court fails to require Defendants to change their business model.

9.16    Other honest debt collectors will be competitively disadvantaged if this Court fails to require Defendants to change their business model.

9.17    Where Defendants' collection practices are unfair and deceptive acts or practices in violation of the FDCPA and state collection statute, Defendants' collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

9.18    Plaintiffs were injured by Defendants' actions.

9.19    Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

9.20    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.21    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

PLAINTIFFS' COMPLAINT                                18

# X.    FIFTH CAUSE OF ACTION

## (Outrage)

10.1    Plaintiffs re-allege paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2    Defendants should be held liable for Outrage and associated damages under the FDCPA, regardless of state law requirements for the tort of outrage.  (See Grassley v. Debt Collectors, Inc., District of Oregon (1992)).

10.3    In this case, Defendants' collection violations were extreme, outrageous, unconscionable, intentional, willful and wanton, and served no other purpose but to defraud the Court and annoy, harass, intimidate, and intentionally cause severe mental and emotional distress with the intent of coxing Plaintiffs into paying this disputed debt.

10.4    Defendants' conduct caused Plaintiffs extreme mental and emotional distress.

10.5    Defendants' conduct caused undue stress, anxiety, frustration, and humiliation.

10.6    Defendants' conduct was a direct and proximate cause of Plaintiffs' injuries.

10.7    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

10.8    Defendants actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

//

//

PLAINTIFFS' COMPLAINT                    19

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment to be entered against the Defendants as follows:

A.    For an Injunction preventing Defendants from ever again using form affidavits or robo-signers in attempt to collect a debt in the state of Washington, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

B.    For an Injunction preventing Defendant from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

C.    For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778,

PLAINTIFFS' COMPLAINT                         20

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

 D. For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW <u>19.86</u> et seq., 15 U.S.C. §<u>1692</u> et seq., and various common law claims;

 E. For Intentional Infliction of Emotional Distress Damages in the amount of $2,000, pursuant to 15 U.S.C. §<u>1692</u> et seq.; and <u>Jackson v. Peoples Credit Union,</u> 604 P.2d 1025 (1979); and <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775 (9th Cir. 1982);

 F. For Statutory damages in the amount of $2,000 pursuant to 15 U.S.C. §<u>1692</u>, et seq.;

 G. For Incidental and Consequential damages in an amount to be proven at trial;

 H. For treble any "actual" damages up to the amount of $25,000, pursuant to RCW <u>19.86</u>, et seq.;

 I. For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §<u>1692</u> et seq. and RCW <u>19.86</u>, et seq.;

 J. For interest on the above amounts as authorized by law;

 K. For other relief as the Court deems just and equitable; and

 L. For leave to amend this complaint as needed and as required.

## XII. <u>REQUEST FOR TRIAL BY JURY</u>

 Plaintiffs hereby request a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.

PLAINTIFFS' COMPLAINT   21   Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224  Fax (509) 327-3374

1
2

Dated this    21st    day of March, 2011.

3

Respectfully submitted,

4
5

S/Robert Mitchell

6

ROBERT MITCHELL (WSBN 37444)
ATTORNEY AT LAW, PLLC

7

901 North Monroe Street, Ste 356
Spokane, Washington  99201

8

Telephone: (509) 327-2224

9

Facsimile: (509) 327-3374
E-mail: bobmitchellaw@yahoo.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' COMPLAINT                        22                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374