1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DENNIS STOVER and JANE DOE STOVER, and the marital community comprised thereof, | ) ) ) | NO.    CV-11-0110-WFN |
| Plaintiff, | ) ) | |
| -vs- | ) ) | ORDER |
| | ) ) | |
| BISHOP, WHITE, MARSHALL & WEIBEL, P.S., a Washington Debt Collection Law Firm d/b/a BISHOP, WHITE & MARSHALL, P.S., and PETER OSTERMAN, a Washington State Debt Collection Attorney, and HOUSEHOLD FINANCE CORPORATION III, an Illinois Corporation, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |

       Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim on The Fair Debt Collection Practice Act ("FDCPA") (ECF No. 5) and Defendants' Motion to Dismiss For Failure to State a Claim on State Law (ECF No. 11).  Plaintiffs are Dennis Stover and Jane Doe Stover, a married couple.  Defendant Bishop, White, Marshall & Weibel ("BWMW") is a law firm that specializes in debt collection.  Defendant Peter Osterman is a lawyer at BWMW.  Defendant Household Finance Corporation III ("Household") is a finance company.

       Plaintiffs claim that Defendants have violated the FDCPA, 15 U.S.C. §§ 1692(e) and (f)  as well as state laws.  Plaintiffs claim there is federal jurisdiction under 28 U.S.C. §§ 1331 and 1332.

ORDER - 1

**Background**

Plaintiffs contracted with Defendant Household, to a credit line agreement with a 12% interest rate per annum in monthly installments.  Plaintiffs incurred a $6,012.83 debt to Defendant Household and defaulted.  Household assigned the defaulted account to Defendant BWMW.  On December 15, 2010, Defendant BWMW and Defendant Osterman filed a lawsuit in Spokane County Superior Court in an attempt to collect the defaulted account, attorney's fees of $500, and costs.  On January 25, 2011, Plaintiffs' counsel filed a notice of appearance on behalf of Plaintiffs.  Also on January 25, 2011, Defendants served and filed a Motion for Summary Judgment.  Plaintiffs' counsel was served with the motion; the Plaintiffs were not served.

**Applicable Law**

A claim for relief must contain "a short and plain statement of the claim  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule  12(b)(6), a court may dismiss a complaint on motion by the defendant where the  complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most  favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d  992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  However, "Rule 8(a)

ORDER - 2

1    'does not impose a probability requirement at the pleading state; it simply calls for enough

2    fact to raise a reasonable expectation that discovery will reveal evidence' to support the

3    allegations." *Starr v. Baca*, 633 F.3d 1191, 1205 (9th Cir. 2011) (quoting *Twombly*, 550

4    U.S. at 556).

5        "[C]ommunications directed solely to a debtor's attorney are not actionable under

6    the [FDCPA]." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

7    "It appears that Congress viewed attorneys as intermediaries able to bear the brunt of

8    overreaching debt collection practices from which debtors and their loved ones should be

9    protected." *Id.* at 935.  The Ninth Circuit has reasoned that "[w]hen an individual is

10   represented by counsel who fields all communications relevant to the debt collection,

11   these concerns quickly evaporate. Attorneys possess exactly the degree of sophistication

12   and legal wherewithal that individual debtors do not." *Id.* at 939.

**Discussion**

13   **A.  Plaintiffs' FDCPA Claim**

14       In their complaint, Plaintiffs contend (1) that Defendants improperly filed a Motion

15   for Summary Judgment in Spokane County Court, (2) that Defendants "dummied up some

16   affidavits," and (3) that Defendant's "dummied up too many affidavits and the information

17   contained in one affidavit completely contradicted the information contained in another

18   affidavit" (ECF No. 1 at 11).  Specifically, Defendant's Motion for Summary Judgment in

19   Spokane County Court had two affidavit attachments.  The first attachment was the

20   affidavit of Dinita Brazell.  Ms. Brazell swore that (1) she is a Legal Specialist for

21   Household, (2) that after a thorough review of all records of Household, the original

22   contract with Plaintiff's account has been destroyed or lost, and (3) that if the originals or

23   duplicates are discovered, they will be submitted to the Court for cancellation.   This

24   affidavit was signed January 21, 2009.  The second attachment was the affidavit of

1   Patrick Cox.  That affidavit stated that the copy of Plaintiffs' Personal Credit Line

2   Agreement was attached.  This second affidavit was signed February 17, 2009.

3           Plaintiffs allege that this contradiction in the affidavits violates 15 U.S.C. §1692e

4   as it is false, deceptive, and misleading; that it is a false representation of the character,

5   amount or legal status of the debt; that it contains a threat to take action that cannot

6   legally be taken or that is not intended to be taken; and that it contains a false

7   representation or deceptive means to collect or attempt to collect a debt.  Plaintiffs also

8   allege that Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable

9   means to collect or attempt to collect a debt.

10          In their Motion to Dismiss for Failure to State a Claim on FDCPA, Defendants

11  request that the Court take judicial notice of the filings in Spokane County Superior Court

12  under Fed. R. Evid. 201, and *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir.

13  2002).  Defendants also argue under *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926,

14  939 (9th Cir. 2007), that when the debt collector ceases contact with the debtor, and

15  instead communicates with an attorney hired to represent the debtor, the FDCPA's

16  strictures no longer apply to those communications.  Defendants contend that as they filed

17  the Motion for Summary Judgment with the Court and service was effected on Plaintiffs'

18  counsel, but not on the Plaintiffs, that *Guerrero* controls, and the FDCPA does not apply.

19          Plaintiffs responds by trying to minimize what constitutes a "communication"

20  under the FDCPA.  Plaintiffs rely on *Avery v. Daniel Gordon*, 2008 WL 4793686 (D. Or.

21  2008), an unpublished decision which Plaintiff cites as "Avery v. Daniel Gordon,

22  F.Supp.2d, 2008 WL 4793686 (D. Or. 2008)."  Plaintiffs cite includes an "F.Supp. 2d"

23  designation, despite the fact that the unpublished decision has not appeared in a federal

24  reporter.  Plaintiffs also claim that Defendants have not denied violating the FDCPA,

25

26

ORDER - 4

though this is clearly incorrect.  Defendants' claim that the FDCPA is inapplicable to the facts of the case is a denial of violating the FDCPA.

In their reply, Defendants rely on a number of unpublished district court opinions, as well as an out-of-circuit opinion that supports their contention that the FDCPA either (1) does not apply to misrepresentations sent to attorney, or (2) the standard for determining whether particular conduct violates the statute is significantly higher when the conduct is directed to an attorney.

The Court agrees with Defendants' reasoning as well as Ninth Circuit's reasoning in *Guerrero.*  It appears the conflicting affidavits are nothing more than a simple filing mistake.  As of January 21, 2009, Household could not find a copy of Plaintiffs' personal credit agreement.  Household stated that it would submit the credit agreement if it was later found.  By February 17, 2009, Household found the credit agreement.  It appears the Defendant erred in filing the January 21, 2009 affidavit.

Regardless of the reason for Defendants' filing of the conflicting affidavits with the Court and Plaintiffs' counsel, the result of the filing does not constitute a violation of the FDCPA.  The conflicting affidavits would not deceive or mislead an attorney.   Rather, an attorney has the legal sophistication to properly respond to the motion and advise the debtor of his rights.  *Guerrero* at 935.  The facts of this case are not what Congress was attempting to address with the FDCPA.  Accordingly, Defendants' FDCPA claim is not actionable.

**B.  Jurisdiction**

In their complaint, Plaintiffs claims there is diversity jurisdiction as well as federal question jurisdiction (ECF No. 1 at 3).  However, with the dismissal of Plaintiffs' FDCPA claim, there is no federal question jurisdiction. Without a federal claim to support 28

ORDER - 5

1  U.S.C. § 1331, this Court loses subject matter jurisdiction and will not assert
2  supplemental jurisdiction over the remaining state-law claims.   28 U.S.C. § 1367(c)(3).
3       Despite claiming diversity jurisdiction, Plaintiffs have failed to properly plead it.
4  Plaintiffs do not state that the amount in controversy exceeds $75,000, nor do they state
5  the citizenship of any party.  It also appears that the case lacks complete diversity.[1]
6  Accordingly,
7       **IT IS ORDERED**:
8       1.  Defendants' Motion to Dismiss for Failure to State a Claim on The Fair Debt
9  Collection Practice Act, filed May 5, 2011, **ECF No. 5** is **GRANTED**.
10      2.  Defendants' Motion to Dismiss For Failure to State a Claim on State Law, filed
11  May 15, 2011, **ECF No. 11**, is **DENIED AS MOOT** as this Court does not have federal
12  question jurisdiction and will not assert supplemental jurisdiction over the remaining
13  state-law claims.
14      2.  Plaintiffs' federal claims against Defendants are dismissed with prejudice.
15  Plaintiffs' state-law claims are dismissed without prejudice.
16      The District Court Executive is directed to file this Order and provide copies to
17  counsel, **and close the file.**
18      **DATED** this 4th day of August, 2011.
19
20                              s/ Wm. Fremming Nielsen
                          _____
                              WM. FREMMING NIELSEN
21  08-04-11                  SENIOR UNITED STATES DISTRICT JUDGE
22
23  _____
24      [1]Plaintiffs appear to be citizens of Washington State.  Defendants BWMW and
25  Osterman appear to be citizens of Washington as well.
26

ORDER - 6