UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS STOVER and JANE DOE STOVER, and the marital community comprised thereof,<br><br>  Plaintiffs,<br><br>   -vs-<br><br>BISHOP, WHITE, MARSHALL & WEIBEL, P.S., a Washington Debt Collection Law Firm d/b/a BISHOP, WHITE & MARSHALL, P.S., and PETER OSTERMAN, a Washington State Debt Collection Attorney, and HOUSEHOLD FINANCE CORPORATION III, an Illinois Corporation,<br><br>  Defendants, | NO.   CV-11-0110-WFN<br><br>ORDER ON PLAINTIFFS' MOTION FOR RECONSIDER- ATION AND DEFENDANTS' MOTION TO STRIKE |

Before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 23) and Defendants' Motion to Strike (ECF No. 27). Plaintiffs are Dennis Stover and Jane Doe Stover, a married couple. Defendant Bishop, White, Marshall & Weibel [BWMW] is a law firm that specializes in debt collection. Defendant Peter Osterman is a lawyer at BWMW. Defendant Household Finance Corporation III [Household] is a finance company.

## BACKGROUND

Plaintiffs contracted with Defendant Household for a credit line agreement. Plaintiffs incurred a debt and defaulted. Household assigned the defaulted account to Defendant BWMW. On December 15, 2010, Defendant BWMW and Defendant Osterman filed a lawsuit in Spokane County Superior Court in an attempt to collect the defaulted account, attorney's fees of $500, and costs. On January 25, 2011, Plaintiffs' counsel filed a notice of

ORDER - 1

appearance on behalf of Plaintiffs. Also on January 25, 2011, Defendants served and filed a Motion for Summary Judgment that contained conflicting affidavits. Plaintiffs' counsel was served with the motion; the Plaintiffs were not served.

On March 22, 2011, Plaintiffs filed their current case in the Eastern District. In their complaint, Plaintiffs contend (1) that Defendants improperly filed a Motion for Summary Judgment in Spokane County Court, (2) that Defendants "dummied up some affidavits," and (3) that Defendants "dummied up too many affidavits and the information contained in one affidavit completely contradicted the information contained in another affidavit" (ECF No. 1 at 11). Specifically, Defendants' Motion for Summary Judgment in Spokane County Court had two affidavit attachments. The first attachment was the affidavit of Dinita Brazell. Ms. Brazell swore that (1) she is a Legal Specialist for Household, (2) that after a thorough review of all records of Household, the original contract with Plaintiffs' account has been destroyed or lost, and (3) that if the originals or duplicates are discovered, they will be submitted to the court for cancellation. This affidavit was signed January 21, 2009. The second attachment was the affidavit of Patrick Cox. That affidavit stated that the copy of Plaintiffs' Personal Credit Line Agreement was attached. This second affidavit was signed February 17, 2009.

Plaintiffs alleged that this contradiction in the affidavits violated 15 U.S.C. § 1692e as it was false, deceptive, and misleading; that it was a false representation of the character, amount or legal status of the debt; that it contained a threat to take action that could not legally be taken, or that was not intended to be taken; and that it contained a false representation, or deceptive means to collect, or attempt to collect, a debt. Plaintiffs also alleged that Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect, or attempt to collect, a debt.

On August 4, 2011, this Court issued an Order dismissing Plaintiffs' FDCPA claim. The Court also dismissed the case after declining to exercise supplemental jurisdiction on

ORDER - 2

the remaining state law claims. The Court relied on the Ninth Circuit's reasoning in *Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 939 (9th Cir. 2007), and found that since Defendants' state court Motion for Summary Judgment was served on Plaintiffs' counsel, but not on Plaintiffs, that the FDCPA was inapplicable. The Ninth Circuit has found that in crafting the FDCPA, Congress acted to protect debtors and their families, rather than attorneys who are able to "bear the brunt of overreaching debt collection practices." *Id.* at 935. Additionally, in the August 4, 2011 Order, this Court speculated that the filing of conflicting affidavits appeared to be a mistake. However, the Court went on to state that "[r]egardless of the reason for Defendants' filing of the conflicting affidavits with the Court and Plaintiffs' counsel, the result of the filing does not constitute a violation of the FDCPA" (ECF No. 22 at 5).

**A. Plaintiffs' Motion For Reconsideration**

### Applicable Law

Motions for reconsideration are disfavored and are only appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### Discussion

Plaintiffs claim that this Court committed clear error. Plaintiffs begin by correcting the Court's assumption that Defendant Household ever submitted Plaintiffs' credit agreement with the state court. The Court stands corrected, but this fact is immaterial. Next, Plaintiffs contend that the Court failed to consider that the FDCPA is a strict liability remedial statute. Plaintiffs focus on the Court's speculation that the Defendants made a filing mistake, and contends that the Court failed to liberally construe the FDCPA in favor of the consumer. Plaintiffs also argue that this speculation was the basis for dismissal of Plaintiffs' FDCPA claim. This is incorrect. The Court dismissed Plaintiffs' FDCPA claim after concluding that

ORDER - 3

"Defendants' filing of the conflicting affidavits with the Court and Plaintiffs' counsel," did "not constitute a violation of the FDCPA," because Plaintiffs were not served the conflicting affidavits and Congress determined that lawyers and debtor clients are treated differently under the FDCPA.[1]

Similarly, Plaintiffs also argue that this Court erred when it considered that an attorney has the legal sophistication to properly respond to the conflicting affidavits. Citing to district court opinions, Plaintiffs contend that since the FDCPA is a strict liability remedial statute, it does not matter who receives a misrepresentation. Plaintiffs' position is unsustainable in light of *Guerrero*. In *Guerrero*, the Ninth Circuit considered the FDCPA and concluded that under the Act, "lawyers and their debtor clients will be treated differently." *Id.* at 935. In fact, the *Guerrero* Court specifically held that "communications directed solely to a debtor's attorney are not actionable under the Act." *Id.* at 934.

**B. Defendants' Motion to Strike**

Defendants have filed a Motion to Strike because Plaintiffs introduced a new argument in Plaintiffs' reply to the Motion for Reconsideration. Plaintiffs both acknowledge their mistake, arguing that less punitive measures could be used than striking the argument, and at the same time contend that the argument was not new because it was contained in the complaint. The Court does not need to reach the issue of whether or not Plaintiffs' argument should be struck because the argument fails on the merits.

In their reply to their Motion for Reconsideration, Plaintiffs attempt to limit the Court's dismissal of the FDCPA claim by dividing the claim into two and contending that the Court only ruled on one of the claims. Specifically, Plaintiffs argue that though the Court

---

[1] The Court previously stated: "*Regardless* of the reason for Defendants' filing of the conflicting affidavits with the Court and Plaintiffs' counsel, the result of the filing does not constitute a violation of the FDCPA" (emphasis added; ECF No. 22 at 5).

ORDER - 4

dismissed their claim that Defendants engaged in false or misleading representations in violation of 15 U.S.C. § 1692e, it has yet to rule on whether Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. Plaintiffs further contend that *Guerrero* applies only to 15 U.S.C. §§ 1692e and 1692g and therefore *Guerrero* cannot be used as a basis for dismissing a violation of § 1692f.

The Court disagrees. The *Guerrero* court considered the congressional intent of the FDCPA as a whole ("A consumer and his attorney are not one and the same *for purposes of the Act*. They are legally distinct entities, and the Act consequently treats them as such." *Id.* at 935 (emphasis added). "The *statute as a whole* thus suggests a congressional understanding that, when it comes to debt collection matters, lawyers and their debtor clients will be treated differently." *Id.* at 935 (emphasis added). "We . . . hold that communications directed solely to a debtor's attorney are not actionable *under the Act*." *Id.* at 934 (emphasis added)). Contrary to Plaintiffs' assertions, the Court's previous ruling was not limited in scope to a violation of § 1692e; rather, the Court found more broadly that "Defendants' filing of the conflicting affidavits with the Court and Plaintiffs' counsel . . . does not constitute a violation of the FDCPA" (ECF No. 22 at 5). Thus, Plaintiffs' new argument fails, Defendants' Motion to Strike is moot, and Plaintiffs' Motion For Reconsideration fails.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Reconsideration, filed August 14, 2011, **ECF No. 23**, is **DENIED**.

2. Defendants' Motion to Strike, filed May 15, 2011, **ECF No. 27**, is **DENIED AS MOOT.**

The District Court Executive is directed to file this Order and provide copies to counsel. **The file shall remain closed.**

ORDER - 5

1    **DATED** this 22nd day of September, 2011.

2

3                                            s/ Wm. Fremming Nielsen
                                             WM. FREMMING NIELSEN
4   09-20-11                           SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6